**UNITED STATES U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| JOANNE KIM,<br><br>         Plaintiff,<br><br>         v.<br><br>REGENERON PHARMACEUTICALS,<br>INC., and ASHUTOSH KATIYAR,<br><br>         Defendant. | Civ. No. 1:24 Civ. 05234 (LAP) |

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

This Stipulated Confidentiality Agreement and Protective Order (the "Order") is entered into by and between Plaintiff Joanne Kim ("Plaintiff") and Defendants Regeneron Pharmaceuticals, Inc. ("Regeneron" or the "Company") and Ashutosh Katiyar (collectively, "Defendants") (Defendants together with Plaintiff, the "Parties"). The Parties stipulate and agree that discovery in the above-captioned civil action (the "Action") will require production of documents and information that one or both of the Parties regards as containing sensitive and non-public business information, financial information, personnel information, personal information, trade secrets, and/or other confidential information. Disclosure of this information to the general public would be prejudicial to the Parties, and litigation over claims of confidentiality would unduly consume the resources and time of the Court and Parties.

Accordingly, the Parties hereby stipulate and agree that the following procedures and provisions shall apply in the Action:

## I.    <u>**DEFINITIONS**</u>

As used in this Order, these terms shall have the following meanings:

A.    **"Material"** is defined as documents, records, data, testimony, responses to discovery, or other tangible items, and any other information produced by a Party or Non-Party in discovery in the Action, whether in hard copy or electronic form.

B.    **"Confidential Material"** is defined as Material containing sensitive non-public business information, financial information, personal information (including of Plaintiff), personnel information, trade secrets, and/or other confidential or proprietary commercial, research, or development information, within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.  Confidential Material may include, *inter alia*, all sensitive non-public materials containing information related to: financial or business plans, data or projections; proposed plans or strategies; studies or analyses by internal or external experts; financial or tax data; competitive analyses; personal information regarding former and current employees, including regarding employees, officers, directors or partners, their nonpublic contact information, benefits and compensation information, performance evaluations, complaints, disciplinary history, and other information that, if openly disclosed, might adversely affect or prejudice the privacy interests of such individual, personal information regarding third-Parties; information or documents subject to confidentiality or non-disclosure agreements with third Parties; Company processes, procedures, standards, formulas, and other related information, including Company guidelines, manuals, or software; or other commercially sensitive or proprietary information.

C.    **"Confidential Attorney Eyes Only Material"** is defined as Confidential Material that contains highly sensitive confidential or proprietary business information, a trade secret or other commercial or financial information that the Producing Party, in good faith,

believes would result in competitive or commercial harm in the market place if the Material were disseminated to persons other than those specifically identified in Paragraph III.C below, and may include (without limitation) confidential or proprietary insurance Company pricing guidelines or formulas, internal renewal policies, philosophies, or pricing material, or other similarly sensitive trade secret or proprietary information.

D.      The "**Designator**" is any Party or Non-Party who designates any Material produced in this Action as "Confidential" or "Confidential Attorneys Eyes Only."

E.      The **"Producing Party"** is any Party or Non-Party that produces Confidential Material or Confidential Attorneys Eyes Only Material during the course of discovery in this Action.

F.      The **"Receiving Party"** is any Party or Non-Party that receives Confidential Material or Confidential Attorneys Eyes Only Material during the course of discovery in this Action.

## II.     <u>**DESIGNATION OF MATERIALS AS "CONFIDENTIAL"**</u>

A.      Any Party or Non-Party may designate Material produced during the course of this Action as Confidential Material or Confidential Attorney Eyes Only Material if that Party or Non-Party believes in good faith that the Material satisfies the definitions of Confidential Material or Confidential Attorney Eyes Only Material as set forth in Paragraphs I.B and I.C.

B.      A Party or Non-Party may designate such Material by marking the word "Confidential" or "Confidential Attorney Eyes Only" on the face of each document and each page so designated at the time it is produced or served, or, in the case of Confidential or Confidential Attorney Eyes Only Material contained in or on media other than paper, by affixing such a label to the information or media containing the information or by indicating in writing to

identify the information by bates number or other precise means of identifying the information as Confidential or Confidential Attorney Eyes Only Material.

C.    Any Party may designate Material as Confidential or Attorneys Eyes Only that was received from a Non-Party if the material meets the definitions set forth in Paragraphs I.B and/or I.C.  If a Non-Party produces Material during the course of this Action that the producing Non-Party did not designate as Confidential or Confidential Attorney Eyes Only Material but that a Party believes in good faith satisfies either of those definitions as set forth in Paragraphs I.B and I.C, the Party may (1) request that the Non-Party designate the Material as Confidential or Confidential Attorney Eyes Only Material in the manner specified above; or (2) the Party may itself so designate the Material, in which case the Party-Designator shall, within ten (10) business days of notifying counsel, provide counsel for the Parties with new copies of such Material bearing the appropriate "Confidential" or "Confidential Attorney Eyes Only" legend.    This designation procedure may apply to Material received from Non-Parties through a subpoena or other means of discovery process. Upon receipt of the copy bearing the legend, counsel for the Parties and all other persons who have received undesignated copies of the Material shall either return such Material to the Non-Party who originally produced the Materials or destroy all such Materials, copies and other reproductions thereof.  The non-designating Party(ies) will have no responsibility or liability for pre-notification dissemination or use of Confidential or Confidential Attorney Eyes Only Material not properly designated at the time of the production.

D.    Designation may also be by such other means as are agreed to, in writing, by the Designator and the Party seeking disclosure.

E.    A Party shall not be obligated to challenge the propriety of the designation of Material as "Confidential" or "Confidential Attorney Eyes Only" at the time made, and failure to

do so shall not preclude a subsequent challenge in this Action. If a Party challenges a designation (the "Objecting Party") at any time prior to the final pretrial conference in the Action, Counsel for the Objecting Party shall give written notice of the reasons for the objection.

1. If any Party elects to challenge a designation of any Discovery Materials as Confidential Discovery Materials pursuant to this Order, that Party must provide at least ten (10) days' advance notice to afford the designating Party an opportunity to voluntarily remove such designation.

2. If, within the ten (10) day notice period, the Designator has not agreed to remove the designation, or the Parties are otherwise unable to resolve the challenge to the designation, the Objecting Party shall contact the Court for a determination of whether the challenged designation is appropriate. The Objecting Party shall provide the Court with one copy of each document, response, or portion of transcript challenged. The Designator has the burden of proving the applicability and/or correctness of any designation. Disputed information shall remain Confidential or Confidential Attorney Eyes Only under the terms of this Order until the Court rules on such motion or the Designator withdraws such designation in writing.

3. If the challenge is not resolved by agreement or voluntary removal, and if the Court is not contacted, then the designation shall remain in effect and shall continue to apply to such document or information.

F. Any Designator may, at any time, unilaterally withdraw the "Confidential" or "Confidential Attorney Eyes Only" designation of any Material designated by that Designator.

G.      The inadvertent production of Confidential or Confidential Attorney Eyes Only Material without the appropriate designation affixed thereto will not constitute a waiver of confidentiality with regard to that material.  If a Party or Non-Party inadvertently produces Confidential or Confidential Attorney Eyes Only Material without the proper legend, that Party or Non-Party shall notify promptly counsel for the Parties of the omission within ten (10) business days of discovering the inadvertent production.  Further, within ten (10) business days of notifying counsel, the notifying Party or Non-Party shall provide counsel for the Parties with new copies bearing the appropriate legend.  Upon receipt of the copy bearing the legend, counsel for the Parties and all other persons who have received undesignated copies of the Material shall either return such Material to counsel for the Designator or destroy all such Materials, copies and other reproductions thereof. The non-designating Party(ies) will have no responsibility or liability for pre-notification dissemination or use of Confidential or Confidential Attorney Eyes Only Material not properly designated at the time of the production.

H.      In the absence of an agreement on the record or in writing to the contrary, all deposition testimony shall be treated as Confidential Material until the expiration of fourteen (14) business days after receipt of the official transcript. All deposition transcripts or portions of deposition transcripts in this Action (including exhibits) may be designated as Confidential or Confidential Attorney Eyes Only Material by a statement in writing sent to counsel of record and the court reporter within the aforementioned fourteen (14) business days after receipt of the transcript.

I.      In the case of Interrogatory responses or answers to Requests for Admission, designations shall be made by placing the word "Confidential" or "Confidential Attorney Eyes

Only" on the specific pages containing answers or responses with Confidential or Confidential Attorney Eyes Only Material.

III.    **USE AND HANDLING OF CONFIDENTIAL MATERIAL**

A.    Confidential and Confidential Attorney Eyes Only Material shall be used only for purposes of preparing for and litigating the Action (including appeals) and not for any other purpose whatsoever, except on written consent of the Designator or by order of the Court.

B.    Confidential Material shall not be revealed or disclosed, directly or indirectly, in any manner or in any form, to any person, entity, or judicial tribunal other than:

1.    The Parties themselves; and employees, officers, members, or directors of the Company who are assisting in the conduct of this Action, to the extent counsel of record determines in good faith that such disclosure is necessary to provide assistance in connection with this Action;

2.    Counsel of record, any current or former in-house counsel for the Parties (provided that former in-house counsel have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A) (the "Acknowledgement") and a copy of such signed Acknowledgement is retained by counsel for the Party making such disclosures), and any other counsel for the Parties in the Action, including counsel for insurers for the claims involved in the Action, members of their firms and associates, associate attorneys, paralegals, clerical, and other employees or contractors of such counsel who are assisting in the conduct and/or management of the Action;

7

3.      The United States District Court for the Southern District of New York, the Second Circuit Court of Appeals, or any other court that has jurisdiction over the Action, court personnel, and court reporters of the aforementioned courts;

4.      Consultants, experts, and outside litigation support personnel, including document management vendors, professional jury or trial consultants, and other vendors retained by counsel for either Party to the Action (and the employees and agents of those consultants, experts, and outside litigation support personnel) to assist the Parties in the preparation and/or litigation of the Action, including settlement of same, and who have signed Exhibit A and a copy of such signed Acknowledgment is retained by counsel for the Party making such disclosures;

5.      Any mediator retained by the Parties or appointed by the Court, and employees of such mediator who are assisting in the conduct of the mediation;

6.      The person, entity, Party or Non-Party that wrote, received or produced the Confidential Material;

7.      Persons noticed for depositions or designated as trial witnesses, or those whom counsel of record in good faith expect to testify at deposition or trial, only to the extent reasonably necessary in preparing to testify;

8.      In the case of a deposition, court or trial transcript designated or treated as Confidential Material, the witness whose testimony is recorded in that transcript;

9.      Stenographers, court reporters and videographers only to the extent necessary to prepare records of sworn testimony in this action; and

10.     Persons whom counsel of record in good faith expect may have relevant information to support their fact investigation into the matter, provided that such person(s) execute the Acknowledgment (Exhibit A) prior to disclosure of any Confidential Material and a copy of such signed Acknowledgment is retained by counsel for the Party making such disclosures.

Confidential Material produced in this Action shall not be revealed or disclosed to any individual involved in another Action against the Defendants without prior written consent of the Designator.

C.      Confidential Attorney Eyes Only Material shall not be revealed or disclosed, directly or indirectly, in any manner or in any form, to any person, entity, or judicial tribunal other than those individuals falling within Paragraphs III.B.2; III.B.3; III.B.4; III.B.5; III.B.6; III.B.7; III.B.8; and III.B.9. Disclosure of Material pursuant to this paragraph does not constitute a waiver of the confidential status of the Material so disclosed.

D.      Notwithstanding the preceding paragraph, it is understood that counsel of record for a Party may give advice and opinions to his or her client(s) relating to the Action based on his or her evaluation of Confidential Attorney Eyes Only Material, provided that such advice and opinions shall not reveal the content of such Material, unless otherwise permitted by prior written agreement of the Parties or by Order of the Court.

E.      If Confidential or Confidential Attorney Eyes Only Material is to be disclosed during a deposition or trial, the Acknowledgment may be made on the record and under oath, rather than in writing.

F.      No person to whom Confidential or Confidential Attorney Eyes Only Material is disclosed may disclose such Material to any person other than those persons described in Paragraphs III.B and III.C, above.  All persons who have access to Confidential or Confidential Attorney Eyes Only Material at any time shall take all precautions necessary to prohibit access to such Material other than as provided for herein.

G.      Any copies of Confidential or Confidential Attorney Eyes Only Material shall bear the appropriate legend set forth in Paragraph II.B above, and shall be subject to the terms of this Order to the same extent as the information or document from which such summary or copy is made.  Any Party that creates a summary from material that is subsequently designated as "Confidential" or "Confidential Attorney Eyes Only" pursuant to Paragraph II.B above, shall ensure the summaries conform to the requirement of this Protective Order.  The foregoing paragraph does not apply to any Material that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine, or any other relevant privilege.

H.      For applications and motions to the Court in connection with which a Party submits Confidential or Confidential Attorney Eyes Only Material, all documents containing such Material that are submitted to the Court shall be filed electronically and with redactions or fully under seal and with an accompanying Motion to Seal the confidential material provided in the United States District Court for the Southern District of New York Local Rules of Practice for Civil Cases, and Judge Preska's Individual Practices, unless otherwise ordered by the Court. The Parties agree that the Court is ultimately responsible for determining whether there is

10

sufficient justification for the non-public filing of Materials designated as Confidential or Confidential Attorney Eyes Only, and should the Court deny a Party's request to file a particular document with redactions or fully under seal, it will be not be a breach of this Order for a Party to publicly file such document.

I.      No Party subject to this Order may load, import, submit, or otherwise transfer any produced documents, data, information, or other discovery material, into a Large Language Model ("LLM") or Artificial Intelligence ("AI") platform, and may not use another party's documents, data, information, other discovery materials, or summaries thereof, to train AI systems or platforms. For the avoidance of doubt, this restriction expressly applies to the use of public advanced large language models, "generative" AI tools, and other advanced AI systems, including but not limited to public versions of OpenAI GPT, ChatGPT3/4, et seq., Google Gemini, Meta LLAMA, MidJourney, DALL-E, Stable Diffusion, and similar public AI tools. The exception to this Paragraph are Relativity's aiR Platform and WestLaw's CoCounsel platform.

J.      To the extent any Party, individual, or entity intends to use any LLM or AI platform, public or private, aside from Relativity aiR, or CoCounsel, the party or individual or entity will not do so without agreement from the producing Party. The Parties will meet and confer in an attempt to resolve any privacy and security concerns regarding the use of such other LLM or AI platforms. Any LLM or AI models, AI inputs, and AI outputs developed using Confidential Information will be deemed Confidential and will not be used for any purpose other than prosecuting or defending this litigation.

## IV.    <u>GENERAL PROVISIONS</u>

A.    This Order shall not be construed to restrict or limit the use, dissemination, or disposition by the Designator of its own information that it designates as "Confidential" or "Confidential Attorney Eyes Only."  Any such disclosure by a Party of its own Materials shall not impair the confidentiality obligations imposed upon all other Parties and persons subject to this Order, except that any information that is publicly disclosed may subsequently be used by any Party or signatory to this Order for any lawful purpose.

B.    Nothing contained in this Order shall restrict or limit any Party's right to present Confidential or Confidential Attorney Eyes Only Material to a court during a trial or other hearing in the Action, and the Parties shall take reasonable steps to maintain the confidentiality of such information at a hearing or at trial in such manner as the Court may direct.  The use of Confidential or Confidential Attorney Eyes Only Material at trial shall be governed by the pretrial order.

C.    If any court or governmental agency subpoenas or orders the production of any Material designated hereunder as "Confidential" or "Confidential Attorney Eyes Only," the Party receiving such subpoena or order shall, within five (5) business days of the receipt of such request and not less than five (5) days prior to the production of any such Material, notify the Designator of such subpoena or order.

D.    This Order shall not apply to information or tangible items obtained by means independent of production by a Party or Non-Party through discovery or other proceedings in the Action.  The restrictions set forth in this Order shall not apply to information or tangible items which at or prior to disclosure in this Action are or were within public knowledge, or which the Designator subsequently released into the public arena.

12

E.      Neither this Order, production or disclosure of Material under this Order, nor designation or failure to designate Material under this Order, shall constitute a waiver of the right of the Designator to maintain the confidentiality of that Material in other contexts.

F.      The inadvertent production of any Material that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine or any other relevant privilege or doctrine shall not itself constitute a waiver of the applicable privilege or doctrine.  Inadvertent production of privileged Material includes the mistaken production of privileged Material that has been reviewed by the disclosing Party or Non-Party's attorneys prior to production.  Upon receipt of notice of an inadvertent production, the Receiving Party shall return or destroy the Material subject to a claimed privilege and any copies of it, including deletion of any versions of the privileged materials on any database the Receiving Party maintains.  The Receiving Party shall also take reasonable steps to retrieve the information if it has been further disclosed and make no use of the information contained in the privileged materials.  If the Receiving Party contests the claim of privilege, it shall notify the Producing Party in writing.  Within twenty-one (21) days of this notification, if it reasonably appears that good faith efforts to resolve the dispute have failed, the Producing Party may apply to the Court for an order that such materials are protected from disclosure by privilege.  In opposing any such application, the Receiving Party may not, however, assert as a ground for such opposition the fact or circumstances of the inadvertent production.  Any claimed privileged Material sequestered pending determination by the Court as to whether it is privileged must not be used or disclosed until the privilege issue is resolved, and thereafter shall be treated in accordance with the Court's determination of the issue.

G.      This Order may be modified or amended by agreement of the Parties hereto with the approval of the Court.  To the extent that the Parties fail to agree on a modification proposed by any Party, nothing contained herein shall be deemed to preclude any Party from moving the Court, for good cause shown, for a ruling that modifies this Order in any respect.

H.      Nothing in this Order shall prevent any person from seeking at any time to impose additional restrictions beyond those provided in this Order.

I.      The Parties do not, by this Order, waive any objections the Parties might otherwise have under the rules of discovery or evidence.  This Order shall not, in and of itself, prejudice any contention of any Party upon any motion, nor shall this Order constitute a waiver of any right to seek relief from the Court from any and all of the provisions hereof or other modifications of the terms hereof.

J.      Nothing herein shall be construed to preclude or limit the presence of any individual at any depositions, hearings in or the trial of this action.

K.      Nothing in this Order shall preclude any Party from seeking from the Court an order that binds third Parties to abide by this Order.

L.      Upon the request of the Party that produced Confidential Discovery Materials, to occur within thirty (30) days of the conclusion of this litigation and any appeals thereto, any Party in receipt of another Party's Confidential Discovery Materials shall return or destroy all copies of such Confidential Discovery Materials.  Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition, motion, and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials

14

contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

M.      Any invalidity, in whole or in part, of any provision of this Order shall not affect the validity of any other provision of this Order.

N.      This Order shall survive and continue to be binding after the conclusion of the Action, and the District Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed pursuant to or in violation of this Order.

**STIPULATED AND AGREED TO THIS DAY BY:**

Dated: April 28, 2026

*/s/ Valdi Licul*
Valdi Licul
Daniel Judah Altaras
85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
vlicul@wigdorlaw.com
daltaras@wigdorlaw.com

*Attorney for Plaintiff*

Dated: April 28, 2026

*/s/ A. Klair Fitzpatrick*
A. Klair Fitzpatrick
MORGAN, LEWIS & BOCKIUS LLP
Margaret 2222 Market Street
Philadelphia, PA 19103-3007
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
klair.fitzpatrick@morganlewis.com

Elisa Egonu
MORGAN, LEWIS & BOCKIUS LLP
101 Park Ave
New York, NY 10178
Telephone: (212) 309-6043
Facsimile: (215) 963-5001
elisa.egonu@morganlewis.com

*Attorneys for Defendants*

APPROVED and SO ORDERED this 30th day of April, 2026.

BY THE COURT:

Honorable Loretta A. Preska

15

## EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I hereby certify my understanding that material is being provided to me pursuant to the provisions, conditions, and restrictions of the Stipulated Confidentiality Agreement and Protective Order in the case captioned *Kim v. Regeneron Pharmaceuticals, Inc., et al.*, Civil Action No. 1:24-05234 (LAP) and that I have been given a copy of the Confidentiality Agreement and agree to be bound by its provisions.  I understand and agree that all Confidential Material I may be shown, including copies thereof and any notes and transcriptions made therefrom and information contained therein, are to be used only for the purposes permitted by the Order.  I also understand and agree that all material I am shown shall be returned or destroyed in the manner provided in the Order.  I agree to resolve all disputes regarding the provisions, conditions, or restrictions of the Order according to the provisions thereof.

_____
Signature

_____
Name*

_____
Address*

_____

_____

_____
Date*

*This information must be printed or typed.

16