Morgan Lewis

The objections are resolved as stated at the conference. Counsel shall confer and submit a revised discovery schedule to the Court for endorsement. SO ORDERED.

Loretta A. Preska
Senior United States District Judge

November 10, 2026

**Klair Fitzpatrick**
Partner
+1.215.963.4935
klair.fitzpatrick@morganlewis.com

November 4, 2026

Hon. Loretta A. Preska
U.S. District Court for the Southern District of New York
Daniel Patrick Courthouse
500 Pearl Street, Courtroom 12A
New York, NY 10007-1312

**Re: *Joanne Kim v. Regeneron Pharmaceuticals, Inc., et al.*, No. 1:24-cv-05234-LAP, Defendants' Request for Pre-Motion Conference**

Dear Judge Preska:

Defendants Regeneron Pharmaceuticals, Inc. ("Regeneron") and Ashutosh Katiyar (together, "Defendants") and Plaintiff Joanne Kim (collectively, the "Parties") hereby submit a letter outlining the outstanding discovery disputes, as addressed more fully in Dkts. 44-51. The Parties conferred on November 2, 2026 in an effort to narrow the disputes, where possible, and provide the below summary regarding the remaining disputes:

**Subpoenas Directed to IQVIA and Katharine McMullen:**

**This dispute has been resolved**. Plaintiff has agreed to narrow the subpoenas directed to IQVIA and Katharine McMullen (an IQVIA employee) to those documents relating only to Ms. McMullen and/or IQVIA's performance of work (i) between June and August 2023, in connection with the performance of certain of Plaintiff's duties during Plaintiff's FMLA leave, and (ii) between February and December 2024, in connection with the performance of certain of Plaintiff's duties following the eliminate of Plaintiff's position.

**<u>Plaintiff's Discovery Responses:</u>**

As set forth in the Parties' letters at Dkts. 45, 46, and 49 (and as supplemented by Dkts. 50-51), Defendants seek the following documents and information:

1. **<u>Recordings and communications</u>**.

    a. **Defendants' Position:** Defendants seek recordings or communications concerning Plaintiff's employment with Regeneron, including her work environment, performance, treatment by Regeneron employees, mitigation efforts, alternative employment, and any confidential Regeneron information, including communications with or about Defendant Katiyar and the other individuals identified in the Parties' initial disclosures. *See* RFP 42, Interrog. 2. Recordings and communications relating to these topics are clearly relevant to Plaintiff's claim that she was treated poorly by her managers due to her leave and association with her disabled child. The recordings are also relevant to Defendants' after-acquired evidence defense that Plaintiff violated Regeneron's no-recording policy, and her contractual obligations to protect Regeneron's confidential information. In fact, Plaintiff has disclosed that she has hundreds of recordings, including recordings of meetings involving Regeneron's competitive intelligence and other confidential business information. She has already reviewed those recordings, but nevertheless refuses to produce responsive materials based on her own narrow assessment of relevance. Incredibly, Plaintiff also refuses to commit to producing basic communications bearing directly on allegations in the Complaint—for example, communications reflecting her views of her work environment, manager, responsibilities, job security, or desire to seek other employment. Plaintiff also refuses to identify each workplace recording, including its date, participants, and the subject matter discussed so that Defendants can evaluate if such recording is relevant and should be produced. Defendants dispute that Plaintiff may withhold otherwise responsive recordings and communications on the basis of alleged relevance alone.

b. **Plaintiff's Position:** Plaintiff objects to Defendants' demand for categories of recordings that are irrelevant and disproportionate. Defendants' Request for Production ("RFP") No. 42 seeks all documents relating to or recordings of communications regarding a number of overbroad and irrelevant topics, including Plaintiff's employment with Regeneron; Plaintiff's contacts with any employee or former employee of Regeneron; the "work environment" at Regeneron; other current or former employees of Regeneron; Plaintiff's assignments, training, and work at Regeneron; Plaintiff's job performance at Regeneron; and Plaintiff's efforts to find employment or to engage in consulting work while employed at Regeneron. Dkt. No. 45-3 at 24-25. Despite Defendants' broad request, "Plaintiff has identified and produced responsive recordings in her possession that relate to the claims and defenses in this action." Dkt. No. 45-4 at 8. However, as repeatedly conveyed to Defendants' counsel, "[w]e disagree that Plaintiff must produce every recording or communication in her possession merely because it involves a Regeneron employee or a topic Defendants characterize broadly as 'employment,' 'work environment,' or 'job performance.'" Id. Plaintiff has not asserted a harassment claim. Rather, Plaintiff alleges that after she took medical leave and requested flexibility to care for her daughter, Defendant Katiyar became hostile, aggressive, and retaliatory before Defendant Regeneron terminated her employment. Dkt. No. 15 § VI ¶ 75. Finally, Defendants' recently asserted after-acquired evidence theory does not change the need for these recordings. Whether Plaintiff violated a no-recording policy turns on the fact that she made recordings, not on what was said in each one. If the defense survives at all, it bears only on the scope of available remedies. It does not entitle Defendants to the substance of every business meeting Plaintiff attended, and it cannot turn RFP No. 42 into a license to review every work recording that she made. Therefore, Plaintiff has produced the recordings that relate to the claims and defenses in this action, including the recordings referenced in the operative pleading and additional recordings concerning her communications with

Regeneron personnel, her termination, her emotional distress, her post-termination mitigation efforts, and other relevant topics.

2. **Complaints**.

   a. **This dispute has been resolved**. Plaintiff has agreed to respond to identify the persons to whom she complained of discrimination, retaliation, harassment, or other protected conduct (if any) in response to Interrogatory No. 15.

3. **Plaintiff's Job Applications While Employed by Regeneron, Mitigation and concurrent employment**.

   a. **This dispute has been resolved**. Plaintiff has agreed to supplement her response to Interrogatory No. 6 to aver that Plaintiff did not have other employment or perform any work, consulting, services, or contracting (either personally or on behalf of her business) during the time she was employed by Regeneron, and produce documents relating to Plaintiff's applications for other employment, consulting, or other work *during* the time she was employed by Regeneron, and following her separation from Regeneron. *See* RFP 5-8, Interrog. 6.

4. **Medical and pharmaceutical records**.

   a. **Defendants' Position:** Plaintiff is seeking to recover for "severe mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering." As such, Defendants seek the identification of any medical provider that has provided care to Plaintiff in the past ten years, along with signed medical authorizations for Defendants to subpoena such medical records and pharmaceutical records relating to such care. *See* Interrog. 10, RFP 27, 47-48. While Plaintiff has identified certain providers and produced related records, those records appear to begin in January 2024—just days before Plaintiff's termination, yet reference earlier mental health treatment and conditions from years earlier that bear on alternative causes of her alleged distress, and further indicate that she may not

have taken the prescriptions prescribed. Defendants therefore seek such documents.

b. **Plaintiff's Position:** Plaintiff has agreed to provide all medical and pharmacy records from 2020 through the present relating to her emotional distress. Notwithstanding, Defendants seek ten years of Plaintiff's medical and pharmacy records, regardless of whether they relate to the issue of Plaintiff's emotional distress and mental health. Defendants are not entitled to roam through a decade of medical and pharmacy records untethered to the emotional distress conditions she has affirmatively placed at issue. Therefore, Plaintiff identified the medical providers who treated her relevant symptoms and has already produced all treatment records from those medical providers.

5. **<u>Records relating to Plaintiff's Daughter (i.e., "Jane")</u>**.

a. **Defendants' Position:** Plaintiff alleges that she was terminated because she requested flexibility in her schedule to attend her daughter's medical appointments. As such, Defendants seek records relating to Plaintiff's participation in Jane's medical care sufficient to verify whether those appointments occurred, when they occurred, and whether Plaintiff needed to attend. Defendants do not seek the substance of such records as it relates to Jane's underlying condition(s) and proposed that Plaintiff redact content specific to Jane's condition while leaving unredacted the portions of the records that reflect Plaintiff's attendance, involvement, or participation that support Plaintiff's claims at issue in this litigation.

b. **Plaintiff's Position:** Jane suffered serious health conditions, Plaintiff disclosed Jane's needs to Human Resources, and Regeneron terminated her employment. Those allegations do not open the door to wholesale discovery into a minor child's medical care. The relevant questions are what Plaintiff told Regeneron, what Regeneron knew, and how Regeneron responded. Jane's underlying medical records are not relevant merely because they concern the condition that led Plaintiff to seek an accommodation,

particularly where Defendants do not contend they reviewed or relied on Jane's records in making any employment decision. See Dkt. No. 45-4 at 8-9 ("Defendants have not asserted - nor can they - that they relied on Jane's medical records in making the decision to terminate Plaintiff's employment"). Therefore, Defendants are not entitled to third-party medical discovery into a minor child's private treatment that has no relevance to Defendants' decision to retaliate and terminate Plaintiff.

**Defendants' Discovery Responses:**

The below discovery issues are being raised for the first time in this letter as these disputes were raised after the Court's Order setting the status conference.

1. **RFP Nos. 14:**

   a. **Plaintiff's Position:** This Request seeks documents concerning prior complaints, charges, allegations, or lawsuits involving discrimination, retaliation, or harassment against or regarding Regeneron. In response, Defendants have improperly narrowed their responses to a bare representation that there have been "no internal complaints of discrimination, harassment, or retaliation raised against" select individuals. However, this response improperly limits the scope of the Request to a few hand-selected individuals and to "internal" complaints only. The Second Circuit has long held that "[e]vidence relating to company-wide practices may reveal patterns of discrimination against a group of employees, increasing the likelihood that an employer's offered explanation for an employment decision regarding a particular individual masks a discriminatory motive." *Hollander v. Am. Cyanamid Co.*, 895 F.2d 80, 84 (2d Cir. 1990). Further, "[t]his same evidence may be used to detect retaliatory motives." *Moll v. Telesector Res. Grp., Inc.*, 760 F.3d 198, 204 (2d Cir. 2014). Therefore, evidence that other employees similarly situated to Plaintiff complained of discrimination, harassment, or retaliation is relevant to Defendants' discriminatory and retaliatory animus and such comparator discovery "should be liberally granted." *Dass v. City Univ. of New York,* No. 18 Civ. 11325, 2022 WL

16737028, at *3 (S.D.N.Y. Nov. 7, 2022). Plaintiff offered to narrow this Request by category, time period, and redaction of personal and medical information, but Defendants were unwilling to consider a compromise.

b. **Defendants' Position:** Defendants have provided comprehensive responses proportional to the needs of the case. This case is limited to a single job elimination claim in the Competitive Intelligence department allegedly relating to associational discrimination or leave, and Defendants therefore responded to Plaintiff's request with regard to complaints of discrimination, harassment, retaliation, or failure to accommodate relating to her, first, second, and third level managers and the HR employee involved in the decision at issue (Sarah Cornhill, the individual who made the decision to eliminate Plaintiff's position; Dana Jones, Human Resources; defendant Ashutosh Katiyar, Plaintiff's manager; or Arvind Balasundaram, Plaintiff's second level manager). Plaintiff, however, is not satisfied with this response and instead is demanding 11 years of irrelevant complaint information about anyone anywhere in the Company. This Request is facially overbroad, harassing, and unduly burdensome, implicates the privacy rights of non-parties, and would require an enormous investigation wholly disproportionate to the needs of the case. Taken literally, Plaintiff seeks any and all documents relating to any complaint of discrimination, retaliation, or harassment against anyone at the entire company all over the world over a period of eleven (11) years. Such documents have no connection to Plaintiff's claims here and are plainly disproportionate to the needs of the case. Plaintiff fails to articulate how, for example, a theoretical complaint of race discrimination raised by an employee in another state, in another department, with another manager, doing different work, with no nexus to the facts or decisionmakers at issue here, has any relevance to Plaintiff's individual employment claims here and is facially overbroad, irrelevant, and disproportionate to the needs of the case. *See, e.g.*, *Vuona v. Merrill Lynch & Co.*, 2011 WL 5553709 (S.D.N.Y. Nov. 15, 2011) (limiting discovery to

complaints of gender discrimination against managers who "had supervisory or evaluative authority of any kind over one or more of the Plaintiffs" and rejecting requests broader than such managers, stating: "if the manager was far afield from the Plaintiffs such that he or she had no practical ability to shape the evaluation of Plaintiffs' performance, the relevance of such a record [of discrimination] would be, at best, tenuous, and the burden of collecting and producing such materials would outweigh the benefit"); *Pothen v. Stony Brook Univ.*, 2017 WL 1025856, at *5 (E.D.N.Y. Mar. 15, 2017) (denying plaintiff's motion to compel discovery into other complaints of discrimination and retaliation where she had "failed to demonstrate that the discovery sought is based upon anything other than speculation"); *Bagley v. Yale Univ.*, 315 F.R.D. 131, 148 (D. Conn. 2016) (denying plaintiff's motion to compel production of other complaints because she did not "demonstrate the actual or potential relevance of the requested generalized information to the core issue in this case" of whether plaintiff had experienced discrimination or retaliation); *Fletcher v. ABM Building Value*, No. 14-4712, 2017 WL 1536059 (S.D.N.Y. Apr. 18, 2017) (denying request for documents relating to prior discrimination and retaliation complaints over a five-year period); *Mayo-Coleman v. American Sugar Holding Inc.*, No. 14-0079, 2016 WL 4533564 (S.D.N.Y. 2016) (denying motion to compel documents concerning discrimination and retaliation complaints spanning nine years).

2. **RFP No. 20:**

   a. **Plaintiff's Position:** This Request seeks documents concerning other Regeneron employees who requested a reasonable accommodation or took a leave of absence. Defendants have refused to respond to this Request. Plaintiff has alleged that she was subjected to discrimination and retaliation because of her requests for leave and accommodation. See Am. Compl. ¶¶ 42-44, 50-52, 86. Documents concerning how Regeneron handled the leave and accommodation requests of other employees, and whether those employees were terminated, are necessary

comparator evidence bearing on whether Plaintiff was treated differently than similarly situated employees. Courts in this District have recognized that plaintiffs alleging disability discrimination are entitled to document production and other discovery about comparators. *See, e.g., Yoo v. Actimize, Inc.,* No. 12 Civ. 8108 (VSB), 2014 WL 1087974, at *1 (S.D.N.Y. Mar. 19, 2014) (overruling objections to report and recommendation granting limited discovery about reasonable accommodation requests for mental health disabilities and noting that "courts generally apply more liberal discovery rules in employment discrimination cases" and that "comparator evidence is important to making out a claim of discrimination"); *Carter v. Logan Bus Co.,* 2016 WL 5231800 (E.D.N.Y. Sept. 21, 2016) (affirming order compelling discovery "concerning employees who, like plaintiff, were fired within six months of taking FMLA or medical leave," and rejecting defendants' confusion of "pattern-or-practice discrimination claims ... with the routine use of circumstantial evidence of a pattern of discrimination to support an individual disparate treatment claim"). More broadly, "[t]he law makes clear that comparator discovery should be liberally granted to allow Plaintiff to attempt to make a showing of discrimination," and "[a] court should not deny a plaintiff comparator discovery before she even attempts to make a showing of discrimination." *Dass*, 2022 WL 16737028, at *3. Plaintiff offered to narrow this Request by category, time period, and redaction of personal and medical information, but Defendants were unwilling to consider a compromise.

b. **Defendants' Position:** This Request is also facially overbroad, harassing, and unduly burdensome, implicates the privacy rights of non-parties, and would require an enormous investigation wholly disproportionate to the needs of the case. It seeks any leave or accommodation materials (regardless of the reason for such leave or accommodation), across the entire Company, regardless of location of individual, whether the request was approved or denied, whether the request had any connection to caregiving for a person with a disability, and whether any of the decisionmakers

are relevant to Plaintiff's claims here. By way of example, taken literally, Plaintiff's Request seeks documents relating to religious accommodation requests for unidentified individuals in different locations, departments, or organization structures, in years removed from the employment decisions at issue here. Not only that, it seeks very sensitive medical information about non-parties that is both highly-sensitive and irrelevant to Plaintiff's claims here. Further still, Regeneron does not maintain any central repository of any accommodation request or leave of absence. Thus, this Request is significantly burdensome and not proportionate to the needs of the case. Plaintiff also seeks information regarding all such employees' termination, which would require additional investigation into why such individuals separated from Regeneron, whether it was voluntary or involuntary, the basis of that decision, and the identity of the decisionmaker. Plaintiff also does not allege that she received disparate treatment from other employees who requested leave and/or accommodations to render such records relevant, and information about whether the employee also later terminated employment (regardless of whether involuntary, voluntary, or under the same supervisors) says nothing about the circumstances as to why and cannot be used to show Plaintiff's claims are more or less likely to be true. *See, e.g.*, *Achille v. Chestnut Ridge Transp., Inc.*, 584 F. App'x 20, 23 (2d Cir. 2014) (affirming district court's denial of plaintiff's request seeking FMLA leave requests of "similarly situated" employees of defendant, including employees' personnel files, reasoning that "because [plaintiff's] complaint did not allege that he received disparate treatment from other employees at [defendant employer] who requested FMLA leave, the document request was not reasonably calculated to lead to the discovery of admissible evidence." The district court also found that the request for personnel files "was overbroad and would constitute a 'fishing expedition.'"). Such information and documents have no bearing on Plaintiff's claims here and, at best, would result in myriad minitrials, and Plaintiff fails to articulate any reasonable basis as to why such documents are relevant.

3. **<u>Regeneron Interrogatory No. 17:</u>**

   a. **Plaintiff's Position:** Defendant Regeneron has narrowed its response to Plaintiff's request to identify each person since January 1, 2015 who has complained of or reported discrimination, retaliation, harassment, or a failure to provide a reasonable accommodation against or regarding Defendants. Regeneron responded only that there "have not been any workplace complaints of discrimination, harassment, or retaliation raised against Sarah Cornhill . . . Ashutosh Katiyar, Arvind Balasundaram, or Dana Jones." However, as with Document Request No. 14, this response impermissibly limits the Interrogatory to four hand-selected individuals and omits complaints regarding the failure to provide a reasonable accommodation. *See Sanders v. SUNY Downstate Med. Ctr.*, 2024 WL 4198355 (E.D.N.Y. Sept. 16, 2024) (compelling an interrogatory answer identifying "other formal or informal complaints of discrimination, failure to accommodate, or retaliation ... either internally to individuals or offices other than [the employer's diversity office], or externally"). The identification of other employees who complained of the same categories of unlawful conduct alleged by Plaintiff is relevant comparator information that "should be liberally granted." *Dass*, 2022 WL 16737028, at *3. Plaintiff offered to narrow this Request by category and time period, but Defendants were unwilling to consider a compromise.

   b. **Defendants' Position:** Regeneron has responded to this Interrogatory consistent to the needs of this case. Regeneron has responded that there have not been any workplace complaints of discrimination, harassment, retaliation, or failure to accommodate raised against the persons relevant here—Sarah Cornhill (the individual who made the decision to eliminate Plaintiff's position), Ashutosh Katiyar; Arvind Balasundaram, or Dana Jones. Despite this clear response, Plaintiff continues to request for information pertaining to complaints raised regarding any individual, in any department, over an extended period of time, relating to allegations that simply have no nexus to the single job

elimination decision at issue here, which simply have no relevance to the claims or defenses at issue here. Like RFP Nos. 14 and 20, this Interrogatory is an overbroad fishing expedition, intending to harass and burden Defendants into investigating and providing information that is not only irrelevant, but wholly disproportionate to the needs of the case. By way of example, whether an individual in a different department raised a gender discrimination claim against a supervisor that never even interacted with Plaintiff or had any input into the decision to eliminate her position has simply no relevance here. *See Sinni v. Forest Hills Hosp.*, 2011 WL 1004817 (E.D.N.Y. Mar. 18, 2011) (holding that interrogatories in a disability discrimination case seeking information about "each claim of disability discrimination filed against the defendant" were overbroad, stating: "[T]he interrogatories relate to complaints of disability discrimination, against the Hospital and all its employees—despite the fact that plaintiff does not allege that anyone other than [plaintiff's supervisor] engaged in that form of misconduct" and therefore "defendants were amply justified in objecting to the scope of the interrogatories and limiting their substantive responses to complaints involving" the plaintiff's department).

**Defendants' Request for Admission:**

Plaintiff separately writes to advise the Court that that she has raised a number of objections relating to Defendants' Requests for Admission on October 26, 2026. The parties conferred on November 2, and Defendants advised Plaintiff that they will be responding to Plaintiff in writing by November 6, and are available to confer regarding any remaining disputes (if any) the week of November 9. In the event, the Parties cannot reach an agreement before the November 9th conference, Plaintiff intends to raise this issue at the conference. Defendants communicated to Plaintiff their position is that the parties should confer the week of November 9 regarding the remaining disputes (if any) after Defendants provide their written response to Plaintiff's October 26 email, and thus, this issue is not yet ripe for the Court's consideration.

**<u>Request for an Extension of Time:</u>**

As a result of these discovery disputes and the Parties recent agreement on ESI search terms to be applied against Plaintiff's ESI, Plaintiff seeks a sixty-day extension of fact discovery in this matter. This is the first request for an extension of time to complete fact discovery. Defendants are concerned that without a date certain for Plaintiff to complete her document production, Defendants cannot proceed with Plaintiff's deposition, and so an open-ended extension of discovery risks that the Parties will be in the same position weeks from now. Defendants respectfully request that Your Honor set a date certain by which Plaintiff must complete her production of documents so that the Parties can proceed with depositions during any extended discovery period.

Sincerely,

*/s/ Klair Fitzpatrick*

Klair Fitzpatrick